UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANET GUZMAN,
JESSICA "JESSA" HINTON,
and SARAH STAGE,

   Plaintiffs,

v.

              Case No: 2:24-cv-01146-JLB-NPM

Penn-America Insurance Company,

   Defendant.
_____/

## ORDER

   This action arises out of a state court action (the "underlying action") between Janet Guzman, Jessica Hinton, Sarah Stage (collectively, Plaintiffs), and Viva Le Mirage. (Doc. 4 at ¶¶ 10–21; *see generally* Doc. 1-1 at 11–32). Plaintiffs argue that Viva Le Mirage's insurance policy with Penn-America Insurance Company (Defendant) required Defendant to defend Viva Le Mirage in the underlying action despite Defendant's refusal to do so. (*See generally* Doc. 1-1). Plaintiffs bring this action alleging breach of contract and requesting declaratory relief. (Doc. 4). Defendant moves to dismiss Count II of Plaintiffs' Complaint, which seeks declaratory relief. (Doc. 7). Plaintiff responded. (Doc. 13). After careful review of the Complaint, the parties' briefing, and the entire record, the Court finds that Count II of Plaintiff's Complaint is due to be dismissed with prejudice. Accordingly, Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

In the underlying action, Plaintiffs sued Viva Le Mirage for unlawfully using their images to promote its business. (*See generally* Doc. 4). Plaintiffs requested that Defendant defend Viva Le Mirage in that action, but Defendant refused and disclaimed all coverage. (Doc. 4 at ¶¶ 22–23). Plaintiffs and Viva Le Mirage negotiated a *Coblentz* Agreement, in which Viva Le Mirage assigned its rights to recover under the policy with Defendant to Plaintiffs. (Doc. 4 at ¶ 25; 59). Additionally, Plaintiffs were granted a Final Consent Judgment in the underlying action, awarding them $215,000 in damages total. (Doc. 4 at 65). Accordingly, Plaintiffs bring this action alleging breach of contract for refusal to defend and requesting declaratory relief for the same. (*See generally* Doc. 4). Defendant moves to dismiss the declaratory relief claim as duplicative of the breach of contract claim. (*See generally* Doc. 7). Plaintiffs responded. (Doc. 13).

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). Thus, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. at 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

## DISCUSSION

Defendant argues that Plaintiffs' declaratory judgment claim should be dismissed because it is duplicative of the breach of contract claim. (*See generally* Doc. 7). The Court agrees.

"[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *UFP E. Div., Inc. v. Old Dominion Ins. Co.*, No. 3:19-CV-1113-J-34MCR, 2020 WL 4756820, at *12 (M.D. Fla. June 5, 2020) (quoting *Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, No. 19-CV-21289, 2019 WL 4863378, at *2 (S.D. Fla. Oct. 2, 2019)); *see Ali v. Ctr. Life Ins. Co.*, No. 6:17-CV-996-ORL-41TBS, 2018 WL 3822007, at *2 (M.D. Fla. Mar. 8, 2018) (dismissing plaintiff's declaratory relief claim with prejudice because "[p]laintiff can obtain full, adequate, and complete relief through [the] breach-of-contract claim"). After all, "[i]t is well-settled that equitable relief is available only in the absence of an adequate remedy at law" and "damages for breach of contract . . . would more adequately compensate the [party] for their losses." *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 F. App'x 502, 503–04 (11th Cir. 2007) (quotation omitted).

Here, Count I of the Complaint alleges that Defendant "materially breached

3

its obligations under [the insurance policy] by failing to undertake Viva Le Mirage's defense and by failing to provide insurance coverage for the damages sustained by the Plaintiffs." (Doc. 4 at ¶ 30). For this alleged breach of contract, Plaintiffs request $215,000 in monetary damages. (*Id.* at ¶ 34). In Count II, Plaintiffs seek a declaratory judgment "that the damages sustained and awarded to Plaintiffs are a covered occurrence under the [insurance policy]" and that Defendant "is obligated to satisfy the Final Consent Judgment entered against . . . Viva Le Mirage," which awarded Plaintiffs $215,000 in damages. (*Id.* at ¶¶ 42, 65).

     Against this backdrop, it is clear that "[t]he declaratory relief sought . . . is essentially duplicative of the breach of contract claim" because "'[t]he issues raised in [the] declaratory relief count will necessarily be resolved upon adjudication of the breach of contract count.'" *Old Dominion Ins. Co.*, 2020 WL 4756820, at *13 (quoting *Tamiami Condo. Warehouse Plaza*, 2019 WL 4863378, at *3); *see Cady & Cady Studios, Inc. v. State Farm Fire & Cas. Co.*, 320 F. Supp. 3d 1283, 1284 (N.D. Fla. 2018) (dismissing plaintiff's declaratory relief claim because "there is an adequate legal remedy—damages for breach of contract"); *Ministerio Evangelistico Int'l v. United Specialty Ins. Co.*, No. 16-25313-CIV, 2017 WL 1363344, at *2 (S.D. Fla. Apr. 5, 2017) (dismissing the declaratory relief claim because the "breach of contract claim involves the same actual dispute as the declaratory relief claim" and "[plaintiff] will be able to secure full, adequate and complete relief through the breach of contract claim").

     Plaintiffs argue that the declaratory relief claim should not be dismissed

because they "may plead in the alternative." (Doc. 13 at 2–4). In support, Plaintiffs rely on *Nat'l Indem. Co. of S. v. H&C Fla. Trucking Atl. Cas. Ins. Co.*, No. 6:22-CV-74-PGB-LHP, 2022 WL 18636697, at *3 (M.D. Fla. July 26, 2022) (citing Fed. R. Civ. P. 8(d)(2), 57) for the proposition that "[t]he Federal Rules of Civil Procedure do not require the dismissal of a 'redundant' request for declaratory relief" because the Rules "permit a party . . . to plead a claim for declaratory judgment in the alternative to a remedy at law." (Doc. 13 at 4). This ignores, however, the rest of *National Indemnity*'s analysis: "That said, the Court 'has discretion in deciding whether to entertain an action under the [federal Declaratory Judgment] Act.'" *Nat'l Indem. Co. of S.*, 2022 WL 18636697, at *3 (quoting *Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc*, 12 F.4th 1278, 1281 (11th Cir. 2021)); *see Wycoki v. Safeco Ins. Co. of Am.*, No. 21-14165-CIV, 2021 WL 5768147, at *3–4 (S.D. Fla. Dec. 3, 2021) (dismissing with prejudice plaintiff's declaratory relief claim because, "[a]lthough . . . claims may be pleaded in the alternative under Rule 8(d) of the Federal Rules of Civil Procedure, neither defendants nor courts are obligated to contend with duplicative declaratory judgment claims"); *Berkower v. USAA Cas. Ins. Co.*, No. 15-23947-CIV, 2016 WL 4574919, at *3 (S.D. Fla. Sept. 1, 2016) ("[A] court still must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim.").

Indeed, the *National Indemnity* Court went on to acknowledge that "[m]any courts in this district have dismissed a claim for declaratory judgment as redundant

of a claim for breach of contract in the insurance context" and noted that, in cases dismissing the declaratory judgment claim, two characteristics are present: "(1) a claim that the insurer breached the policy by refusing coverage for a direct loss and (2) a request for a declaration that the insurer breached the policy by refusing coverage for a direct loss and owes the insured coverage for that loss." *Nat'l Indem. Co. of S.*, 2022 WL 18636697, at *3. That is the circumstance here.

Plaintiffs next argue that dismissal is not warranted because the relief sought in the breach of contract claim differs from the relief sought in the declaratory judgment claim. (Doc. 13 at 4–7) (citing *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. of DC*, No. 11-61577-CIV, 2011 WL 3843931, at *4 (S.D. Fla. Aug. 26, 2011); *Sunrise of Coral Gables Propco, LLC v. Current Builders, Inc.*, No. 22-21456-CIV, 2023 WL 1816390, at *5 (S.D. Fla. Feb. 8, 2023)). The Court disagrees. In *Ocean's 11 Bar & Grill*, the "[p]laintiff s[ought] *different relief under each claim*." *Ocean's 11 Bar & Grill, Inc.*, at *4 (emphasis added). There, "in addition to a declaration," the declaratory relief claim sought "relief that amounts to an injunction or specific performance" and the breach of contract claim sought "money damages." *Id.* Likewise, in *Sunrise of Coral Gables Propco*, the court declined to dismiss the declaratory relief claim because it was "sufficiently different from the remedy for breach of contract," where the breach of contract claim sought monetary damages and the declaratory relief claim sought a declaration of "rights under the Agreement . . . to proceed as planned with the project." S*unrise of Coral Gables Propco*, 2023 WL 1816390, at *5.

Here, Plaintiffs' breach of contract and declaratory relief claims seek the same relief. (*See* Doc. 4 at ¶¶ 34, 42). Plaintiffs' breach of contract claim alleges $215,000 in damages pursuant to the Final Consent Judgment and *Coblentz* Agreement and requests "judgment against Defendant . . . for [Plaintiffs'] compensatory and consequential damages" in addition to "costs, interest, [and] attorneys' fees[.]" (*Id.* at ¶¶ 33–34). Plaintiffs' declaratory relief claim asks for a declaration that Defendant "is obligated to satisfy the Final Consent Judgment" that awarded Plaintiffs $215,000 in damages and determine whether "Plaintiffs . . . are entitled to recover their attorneys fees and costs[.]" (*Id.* at ¶ 42; *see* Doc. 1-1 at 60–65).

Thus, dismissal of Plaintiffs' declaratory relief claim is appropriate. Further, because "Plaintiff[s'] declaratory judgment is redundant of [their] breach of contract claim, . . . [leave to amend is] . . . futile." *Ali*, 2018 WL 3822007, at *3.

## CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 7) is **GRANTED**.

2. Count II of Plaintiffs' Complaint (Doc. 4) is **DISMISSED with prejudice**.

**ORDERED** in Fort Myers, Florida, on April 4, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

7